UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



01- 2686

| | |
|---|---|
| CHRIS HUGHES, on his behalf and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant.<br>_____/ | CASE NO.<br><br>U.S.M.J.<br><br>**COMPLAINT** |

COMES NOW Plaintiff, CHRIS HUGHES, on his behalf and on behalf of all others similarly situated, and sues Defendant, HOME DEPOT, U.S.A. INC., and in support thereof states:

1.  This is an action for damages on behalf of Plaintiff and similarly situated Plaintiffs, all of whom are employees as provided under the Fair Labor Standards Act of 1938, as amended, (hereinafter FLSA), *29 U.S.C. § 201 et seq.*

2.  This Honorable Court has jurisdiction as provided under *28 U.S.C. § 1337* and *29 U.S.C. § 216(b)*.

3.  Venue is proper before this Honorable Court because all acts pertinent hereto occurred in Miami-Dade County, Florida, and Defendant maintains offices in and conducts business in Miami-Dade County, Florida.

4.  Plaintiff is over eighteen years of age, maintains residence in Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise *sui juris*.



5. Upon information and belief, other similarly situated Plaintiffs (hereinafter "Plaintiffs") are over eighteen years of age, maintain residence in Dade county or Miami-Dade County, Florida and are otherwise *sui juris*.

6. Defendant is a corporation organized in Florida and conducting business within the jurisdiction of this Honorable Court, or elsewhere in Florida.

7. Upon information and belief, at all times pertinent hereto, Defendant is an enterprise engaged in interstate commerce or in the production of goods for commerce and had annual gross sales volume in excess of $500,000.00, or otherwise satisfies FLSA's revenue requirements.

8. At all times pertinent hereto, Plaintiff or Plaintiffs were Defendant's employees engaged in commerce, in the production of goods for commerce or handled, sold, or otherwise worked on goods or materials that moved in or were produced for commerce for Defendant's business.

9. At all times pertinent hereto the work Plaintiff or Plaintiffs performed for Defendant was directly essential to Defendant's business.

10. At all times pertinent hereto, as a result of work performed by Plaintiff or Plaintiffs, Defendant was engaged in interstate commerce.

11. At all times pertinent hereto, Plaintiff or Plaintiffs were paid an hourly wage.

12. At all times pertinent hereto, Defendant paid Plaintiff and Plaintiffs for the hours they worked in excess of forty (40) hours per week at his regular hourly rate, but did not pay Plaintiff or Plaintiffs for hours they worked in excess of forty (40) at rates as required under FLSA.

13. Defendant knew or should have known of its responsibility to pay its employees in accordance with FLSA.

14. Upon information and belief, at all times pertinent hereto, Defendant did not disclose, provide or make FLSA notices available to, nor advise Plaintiff or Plaintiffs of their rights under FLSA.

15. Plaintiff or Plaintiffs are entitled to liquidated damages under FLSA due to Defendant's willful violation of FLSA's compensation, disclosure and requirements.

16. Plaintiff or Plaintiffs are entitled to reasonable attorneys' fees and costs as provided under *29 U.S.C. § 216(b)*.

17. Plaintiff or Plaintiffs retained Neil Flaxman, P.A. to represent them in the instant matter and agreed to pay said firm a reasonable fee for its services.

18. Plaintiff satisfied, or Defendant waived, all conditions precedent to this action.

## COUNT I, PLAINTIFF'S CLAIM FOR
## RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff realleges the allegations in Paragraphs 1 through and including 18 above, as though stated herein.

20. Plaintiff was first employed by Defendant beginning March 13, 1995 as a loss prevention supervisor.

21. On or about February 1, 2001 Plaintiff's employment ended with Defendant.

22. Although the title of loss prevention supervisor is given to loss prevention employees such individuals are in fact non-exempt under the FLSA.

23. At all times pertinent hereto, Plaintiff was paid a salary with pay records that indicate he was working 40 hours per week, which was not in fact correct.

24. Computing Plaintiff's hourly rate based upon said salary, Plaintiff's hourly approximate compensation was $18.00 per hour with an overtime rate of $27.00 per hour.

25. Defendant did not pay Plaintiff the remuneration to which Plaintiff was entitled under FLSA.

26. The records, if any, that define the number of hours Plaintiff worked and the amount Defendant paid him are in Defendant's sole possession, custody and control. Plaintiff cannot, therefore, specifically state his damage claim; Plaintiff will, however, attempt to obtain information necessary to state his claim for damages with specificity through discovery and will seek leave of court to amend this complaint accordingly.

27. At all times pertinent hereto Plaintiff was an hourly employee and did not have requisite supervisory responsibilities or discretionary authority to be an exempt employee under FLSA and was not a salaried employee.

CHRIS HUGHES V. HOME DEPOT,
U.S.A., INC.
CASE NO.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for damages as provided under FLSA, overtime wages, liquidated damages, as determined herein, interest, costs and reasonable attorneys' fees and such further relief as this Honorable Court deems just.

## COUNT II, SIMILARLY SITUATED PLAINTIFFS' CLAIM FOR RECOVERY OF OVERTIME COMPENSATION

28. Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through and including 18 above, as though stated herein.

29. At all times pertinent hereto, Defendant did not pay Plaintiffs the remuneration to which they are entitled under FLSA by failing to pay overtime.

30. The Plaintiff and all similarly situated Plaintiffs all share common issues of law and fact in that such employees are all hourly employees and not exempt under the FLSA. In addition if in fact there are employees who are salaried but who are not exempt under the act and who have worked overtime, such employees likewise should be included in any class certified hereunder.

31. Plaintiff and Plaintiff's counsel can adequately represent the interests of the similarly situated individuals.

32. The records, if any, that define the number of hours Plaintiffs worked and the amount Defendant paid them are in Defendant's sole possession, custody and control. Plaintiffs cannot, therefore, specifically state their damage claim. Plaintiffs will, however, attempt to obtain information necessary to state their claim for damages with specificity, through discovery, and will seek leave of court

CHRIS HUGHES V. HOME DEPOT,
U.S.A., INC.
CASE NO.

to amend this complaint accordingly.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant for damages as provided under FLSA, overtime wages, liquidated damages, as determined herein, interest, costs and reasonable attorneys' fees and such further relief as this Honorable Court deems just.

Dated: 6/26/01

Respectfully submitted,

Neil Flaxman, P.A.
Attorney for Plaintiff
550 Biltmore Way, Suite 780
Coral Gables, FL 33134
Tel: 305-445-1388, Fax: 305-443-0279

By: _____
Neil Flaxman
Fla. Bar No. 025299

F:\labor\Hughes, Chris\Complaint.wpd

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Chris Hughes, on his behalf and all others similarly situated.

**DEFENDANTS**
Home Depot, USA, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Dade__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-Dade 01-2686CivSH Garber

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Neil Flaxman, P.A., 550 Biltmore Way, #780
Coral Gables, FL 33134  305-445-1388

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. sec. 201

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JUDGE _____  DOCKET NUMBER _____

DATE  6/21/01

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

840503